UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE DAVID SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BOBBIE ANGEL, et al.,<br><br>　　　　　Defendants. | Case No.  24-cv-02723-AGT<br><br>**REPORT AND RECOMMENDATION** |

　　　　On May 10, 2024, the Court screened Jude David Smith's complaint, concluded that the complaint didn't state a claim for relief, and gave Smith leave to amend. *See* Dkt. 5. Smith subsequently asked for more time to amend his complaint. The Court granted Smith's request, giving him until August 13, 2024, to file his amended complaint. *See* Dkts. 9, 10.

　　　　Between the Court's last order and the August 13, 2024, deadline, Smith filed two documents. *See* Dkts. 12, 13. To the extent either document can be construed as Smith's amended complaint, the amended complaint doesn't cure all deficiencies identified in the Court's screening order. Nor does the amended complaint include facts sufficient to support federal subject-matter jurisdiction or to state a plausible claim for relief.

　　　　To the extent either document is construed as a second request for additional time to

amend the complaint, *see* dkt. 13 at 1 (requesting an "[e]xtension to amend my plea because of interference by the defendants attacking me!"), the request is denied. Smith hasn't shown good cause for his delay. His statement that the defendants are attacking him isn't supported by any evidence.

The Clerk of the Court shall reassign this case to a district judge. For the reasons identified here and in the screening order, the undersigned recommends that the district judge dismiss Smith's claims without leave to amend. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Smith may object to this recommendation, but he must do so within fourteen days of receiving a copy of it. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).[1]

**IT IS SO ORDERED.**

Dated: September 25, 2024

Alex G. Tse
United States Magistrate Judge

---

[1] Smith declined to consent to magistrate jurisdiction. *See* Dkt. 6. In one of his recent filings, he expressed frustration that his case had yet to be reassigned to a district judge. *See* Dkt. 13 at 1 ("I do not want a magistrate judge!"). Even though Smith declined to consent to magistrate jurisdiction, the undersigned may still screen Smith's complaint and resolve nondispositive motions. *See* 28 U.S.C. §§ 636(b), 1915(e)(2). The undersigned has done so here.